GEORGE W. SOUTHGATE, *et al., vs.* H. L. WALKER.

## January Term, 1868.

In an action of ejectment brought in 1848, if the facts proven on the trial did not show that the defendant was in possession of the land described in the declaration at the time the suit was brought, the plaintiff was not entitled to a judgment against him, although the plaintiff's title and right to recover may have been perfect in all other respects. Nor did the common law consent rule then in force obviate the necessity of its being proven or admitted on the trial that the defendant was in possession of the land sued for at the time the suit was brought.

At the spring term, 1848, of the circuit superior court of law and chancery for *Fayette* county, *John Doe* on the demise of *Hannah Wright Anderson*, (late *Southgate*,) *George Morris Southgate* and *James Southgate* filed a declaration in ejectment against *Richard Roe* to recover the possession of one thousand acres of land lying in the county of *Fayette*, on branches of Laurel creek; and no further description of the tract of land for which suit was instituted was given in the declaration. The declaration and notice were served on *Hezekiah L. Walker*, and subsequently the common law common consent rule was entered. At the March term, 1848, *Hezekiah L. Walker* was admitted defendant in this suit in the room of *Richard Roe*, and by his attorney pleaded the general issue, and confessed the lease, entry and ouster in the declaration supposed, and agreed to insist on the title only at trial. The cause having been transferred to the county of *Greenbrier* was docketed in the circuit court of that county in 1854.

*Absent from illness.

At the May term, 1859, the following among other facts were agreed in the case: That the plaintiffs were the heirs and devisees of *Wright Southgate*, and the land in controversy was included in eleven different grants of 1,000 acres each, issued to *Henry Banks*. That on the 24th day of October, 1787, *Henry Banks* conveyed by deed of that date to *Wright Southgate* eleven tracts of land of 1,000 acres each, in the county of *Greenbrier*, and that the same were devised to the plaintiffs by the last will and testament of *Wright Southgate.* That in 1825, *George W. Southgate* and *James Southgate* conveyed to *John Anderson* one moiety of one of said 1,000 acre tracts, being No. 2 of the same. That a patent issued to *Thomas Dequazer* from the commonwealth of *Virginia* for 139 acres, on the 12th day of November, 1828, and that the same was embraced in the boundaries of the tracts of the 11,000 acres, but not embraced by the deed to *John Anderson*, and that defendant was in possession of said 139 acres at the institution of this suit. But it no where appears in the agreement, nor was it otherwise shown that the 139 acre tract, or any part thereof, which by said agreement was admitted to have been in possession of the defendant at the institution of the suit was embraced in the 1,000 acre tract for which the suit was brought. And that if the law arising upon the facts agreed be for the plaintiffs it was agreed that judgment be rendered for the plaintiffs for the land claimed by the defendant as embraced in the said grant, and one cent damage; and if the law be for the defendant then it was agreed that judgment should be rendered for the defendant. And the court being of opinion that the law arising upon the facts agreed, was in favor of the defendant, judgment was rendered accordingly.

The plaintiffs petitioned for a writ of supersedeas, to the court of appeals of *Virginia*, at *Lewisburg*, which was granted, and by operation of law the case was transferred to this court.

*George H. Lee* for plaintiffs in error.
*Lamb & Paull* for defendant in error.

MAXWELL, J. This is a supersedeas to a judgment of the circuit court of Greenbrier county rendered in an action of ejectment brought in 1848 in the circuit court of Fayette county and afterwards transferred to Greenbrier county for trial. The facts were agreed by the parties and a judgment rendered by the court for the defendant. The plaintiffs not being satisfied with the judgment took the case to the court of appeals of Virginia at Lewisburg from which it has been transferred to this court. The plaintiffs here claim that on the facts agreed they were entitled to a judgment against the defendant for the possession of the land in dispute. To enable the plaintiffs to recover on the facts agreed they must have a good title and the right to the possession as against the defendant.

It appears from the facts certified that the plaintiffs were three of five heirs and devisees entitled, if the same was not forfeited, to eleven tracts of land of 1,000 acres each, the declaration is for "a certain tract or parcel of land, lying and being in the said county of Fayette, on branches of Laurel creek, containing one thousand acres." After stating the documentary evidence the agreement of facts states that it is agreed, "that a deed bearing date in 1825, and of record in the clerk's office of the county court of Greenbrier, was made by George M. Southgate and James Southgate to John Anderson conveying one moiety of one of said 1,000 acre tracts, being No. 2 of same, and it is agreed that a patent issued to Thomas Dequazer from the commonwealth of Virginia for 139 acres on the 12th day of November, 1828, which is embraced within the boundaries of the tracts of 11,000 acres as aforesaid, but not embraced by the deed to John Anderson as aforesaid; and that the defendant was in the possession of said land at the time of the institution of this suit, and that the same had been regularly assessed with taxes, and that the same had never been returned delinquent." It appears from the facts agreed that the defendant was in possession of the 139 acre tract patented to Dequazer at the time of the institution of the suit, and it further appears that the Dequazer tract was embraced within the

boundaries of the tracts of 11,000 acres, but that it was not within that portion of the 1,000 acre tract known as No. 2, which had been conveyed to Anderson. It no where appears which one of these eleven tracts is intended to be described in the declaration, and it may as well be No. 2 as any other one of them, a portion of which it is expressly agreed the defendant was not in possession of. I think it clear that these facts do not show that the defendant was in possession of the land described in the declaration at the time the suit was brought, consequently the plaintiff was not entitled to a judgment against him, although his title and right to recover may have been perfect in all other respects. But it may be supposed that inasmuch as this suit was brought in 1848, which was before the code of 1849 took effect; therefore, under the common law common consent rule then in force, it was not necessary to prove the defendant in possession at the time the suit was brought. By the common law common consent rule the defendant was required, on being let in to defend in room of the fictitious tenant, to plead not guilty, and agree at the trial of the issue to confess lease, entry and ouster, and insist upon title only. The record in this case shows that the defendant, on being let in to defend, pleaded the general issue and confessed the lease, entry and ouster in the declaration supposed, and agreed to insist on title only at the trial; but it does not appear from the facts agreed, that the defendant on the trial did in fact confess the lease, entry and ouster. In the case of *Mooberry, and others,* vs. *Marye,* 2 Munford, 453, there was an agreement of the facts in which the lease, entry and ouster, in the declaration mentioned, were agreed, and this was held sufficient proof that the defendants were in possession of the land in dispute, to warrant a judgment for the plaintiff. The case under consideration does not come within the principle of the case of *Mooberry and others,* vs. *Marye,* which is that the agreement of the facts of lease, entry and ouster, as charged in the declaration, is equivalent to proof that the defendant was in possession of the land in the declaration described at the time the suit was brought. If it did do so

I should hesitate to follow that case, because it seems to me that it is not correct. No authority is referred to in the opinions of the judges who decided the case, and it does not appear to be supported by any case which has come under my observation. The first case in point of time, that I can find on the subject is that of *Smith* on the demise of *Taylor* vs. *Mann*, 1 Wilson's Rep., 220. In that case the defendant obtained a rule to defend as landlord in case the tenant did not appear, and at the trial it was insisted upon for the defendant, that the plaintiff ought to prove that the defendant or his tenant was in possession of the premises in question, which he failed to do, and the justice who tried the cause, was of opinion the plaintiff had failed in proving his case, but reserved the case for the opinion of the court, and it was held by the court, "that it was necessary to prove the defendant or his tenant in possession of the premises, for the rule is, that the landlord shall defend for the premises only whereof his tenants are in possession, and the party does not admit himself to be landlord of any premises which the plaintiff may make title to, but of such only as were in possession of those tenants." The next case is that of *Goodnight* on the demise of *Balch* vs. *Rich*, and *Govett*, 7 Term Rep., 327. In this case the defendants proved that they were not, nor never had been, in possession of any part of the premises in question. The only point reserved at the trial was whether the defendants after entering into the conditional rule could be permitted to prove that they neither were nor had been in possession of the premises which the plaintiff by the evidence had entitled himself to.

The case was argued elaborately and each one of the judges delivered separate opinions. Lord Kenyon, C. J., at the beginning of his opinion says, "This has certainly been *vexata questio*. When I went the circuit as counsel, the case in *Buller's Ni Pri*, in which it was said, 'If there be but one defendant as tenant in possession the plaintiff need not prove him in possession,' was supposed to be law; and when a case afterwards came on before me on the home circuit I ruled accordingly, not thinking it necessary to prove

the defendant in possession.    But I was never called on to
consider the question accurately till now; and when we con-
sider the reason of the thing, it seems wonderful that any
question could seriously have arisen upon the subject." He
then pursues the subject and concludes his opinion in the
following language: "This point, however, came under the
consideration of the court in the case reported in Wilson,
where it was holden that the plaintiff must prove the defen-
dant in possession, and I think that that case was properly
decided.    Then it was urged that two cases have been since
determined at *Nisi Prius* the other way; but they were only
decisions at *Nisi Prius* where, perhaps, the subject was not
so well considered, and they cannot outweigh the authority
of the case in Wilson.    Therefore, on the convenience and
reason of the thing, and considering the question in every
point of view, I am of opinion that the plaintiff must prove
the defendant in possession of that which he seeks to take
from him, and that the contrary practice that has obtained
is wrong."    Ashhurst, J., said, "This is a point of such
daily occurrence that it ought to be finally settled, and
nothing can be more decisive than the case in Wilson, where
it was determined that the plaintiff must prove the defen-
dant in possession of the land to which he claims title."
The other judges in their opinions arrive at substantially
the same conclusions.    It will be observed that the judges
in their opinion seem to treat the proof in this case by the
defendants that they were not in possession of the premises
in question as nothing more than equivalent to the failure
of the plaintiff to prove that the defendants were in posses-
sion.    This case seems to have settled the law in England
that it was necessary for the plaintiff in ejectment to prove
the defendant in possession of the premises which he sought
to recover, although the defendant had entered into the gen-
eral consent rule to confess lease, entry and ouster.    In the
year 1820, the court of king's bench saw proper to change
the consent rule so as to provide, "That from thenceforth in
every action of ejectment, the defendant shall specify in the
consent rule for what premises he intends to defend, and

shall consent in such rule to confess upon the trial that the defendant (if he defends as tenant or in case he defends as landlord, that his tenant) was at the time of the service of the declaration in the possession of such premises, and that if upon the trial the defendant shall not confess such possession, as well as lease, entry and ouster, whereby the plaintiff shall not be able further to prosecute his suit against the said defendant, then no costs shall be allowed for not further prosecuting the same, but the said defendant shall pay costs to the plaintiff in that case to be taxed." See 4 Barnwell and Alderson's Rep., 196. This rule does not change the law, but only requires the defendant to agree that he will confess on the trial, in addition to lease, entry and ouster, that he was in possession of the premises at the time of suit brought, and if he refuses on the trial to do so, and the plaintiff cannot prove his possession, the plaintiff must be non-suited, but at the costs of the defendant. This modified consent rule never was in force in Virginia, and I only refer to it as tending to show that the cases reported in Wilson and in 7 Term Rep. were at that time still regarded the law of England.

I have not thought it necessary to trace the doctrine in this country to any extent. I found, however, that the question was before the supreme court of North Carolina in 1813, where the common law prevailed. The case I refer to is that of *Albutson* vs. *The heirs of Riding*, reported in 2 Murphey's Reports, 283. In this case the only question submitted to the court was, whether the lessor of the plaintiff in ejectment is bound to prove the defendant in possession of the premises which he seeks to recover, although the defendant has entered into the common consent rule to confess lease, entry and ouster. A majority of the court held that in all cases the plaintiff is bound to prove the possession of the defendant. The case of *Jackson* vs. *Ives*, decided by the supreme court of New York in 1827, reported in 9 Cowen's Reports, 661, decides the question in the same way. The case was decided before the New York statute on the subject of ejectments, from which the Virginia ejectment act

was copied, took effect.   I think it clear that the plaintiff having failed to show the defendant in possession of the land mentioned in his declaration at the time the suit was brought, according to the authorities referred to, failed to make out his case, and that the judgment for the defendant was right and must be affirmed with costs to the defendant in error.

The President concurred.

JUDGMENT AFFIRMED.